## ISLER *v.* CALHOUN COUNTY.

LEWIS, J.    1. While the portions of the charge excepted to might, if taken alone, be regarded as open to the objection that they contained expressions or intimations of the judge's opinion upon the facts, they can not, when taken in connection with the entire charge, be given any such interpretation.    The instructions, as a whole, left the jury no ground for even inferring what the judge thought had or had not been proved.

2. There was ample evidence to warrant the verdict, and the trial judge committed no error in denying a new trial.
     *Judgment affirmed.    All the Justices concurring.*

Submitted December 5, — Decided December 20, 1900.

Affidavit of illegality.    Before Judge Spence.    Calhoun superior court.    December term, 1899.

*L. G. Cartledge, I. A. Monroe,* and *J. W. Walters,* for plaintiff in error.    *J. J. Beck* and *W. C. Worrill,* contra.

---

## GEORGIA AND ALABAMA RAILWAY *v.* PATTISON, and *vice. versa.*

LEWIS, J.    1. This case, even taking the evidence most favorably for the plaintiff below, falls squarely, as to questions of law by which it should be absolutely controlled, within the principles laid down by this court in the case of *Georgia & Alabama Ry.* v. *Pound,* 111 *Ga.* 6.    Since at the trial now under review those principles were not applied and followed, there must be a new trial, the result of which, if the testimony be substantially the same, should be in favor of the railway company.

2. Upon the facts disclosed by the record, there was no error in refusing to dismiss the motion for a new trial.
*Judgment on main bill of exceptions reversed; on cross-bill affirmed.    All the Justices concurring.*

Argued December 5, — Decided December 20, 1900.

Action for damages.    Before Judge Hobbs.    City court of Albany.    March 29, 1900.

*Wooten & Crosland,* for the railway company.
*Walters & Wallace,* contra.